United States District Court
Southern District of Texas
**ENTERED**
March 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:04-CR-0150-02 |
| | § | |
| JOSE MARLON IBARRA-ZELAYA | § | |
| | § | |
| | § | |

## MEMORANDUM AND ORDER

The defendant, Jose Marlon Ibarra-Zelaya (BOP #29343-179), is presently serving a 292-month prison sentence that he received as the result of his conviction for offenses related to alien smuggling and hostage taking. Citing his health and concerns about the COVID-19 pandemic, the defendant has now filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. # 566]. The government opposes the request, arguing that the defendant does not meet the criteria for relief [Doc. # 568]. After considering all of the parties' submissions, the defendant's motion will be denied for the reasons explained below.

## I.   BACKGROUND

A federal grand jury returned a superseding indictment against the defendant and seven others, charging them with multiple counts of alien smuggling and hostage taking [Doc. # 108, at 1-8]. After a jury found the defendant guilty as charged [Doc. # 168], the Court sentenced him to serve a total of 292 months' imprisonment on

February 10, 2005 [Doc. # 222, at 3].   The conviction and sentence were affirmed on direct appeal.  *See United States v. Ibarra-Zelaya, et al.*, 465 F.3d 596 (5th Cir. 2006).  Subsequently, this Court denied the defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 427].

On November 23, 2020, the defendant submitted an administrative request for compassionate release from prison to the warden at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield") [Doc. # 566, at 9], where he remains in custody.  *See* United States Bureau of Prisons website, available at: https://www.bop.gov/inmateloc/ (last visited March 19, 2021).  On March 2, 2021, the Court received the defendant's motion for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i), which asserts that he is at increased risk for death or serious illness due to COVID-19 because he is HIV positive [Doc. # 566, at 2, 5].

## II.   DISCUSSION

### A.   Reductions in Sentence under 18 U.S.C. § 3582(c)(1)(A)

A district court is authorized to modify a term of imprisonment for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239-41 (Dec. 21, 2018), upon motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal," if the

court finds that:

   i.   "extraordinary and compelling reasons warrant a reduction;" or

   ii.   the defendant is at least 70 years of age, has served at least 30 years in prison, and "a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community[.]"

18 U.S.C. § 3582(c)(1)(A).  The government acknowledges that the defendant complied with the exhaustion requirement by pursuing an administrative request for release before seeking relief in federal court [Doc. # 568, at 1].  The Court therefore will consider whether he demonstrates that there are "extraordinary and compelling reasons" to grant his release.

Any reduction under § 3582(c)(1)(A) must comply with the applicable policy statement articulated by the United States Sentencing Commission.  *See* U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018) (reflecting the applicable policy statement on reductions to a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)).  If "extraordinary and compelling reasons" are found to exist, the policy statement found in U.S.S.G. § 1B1.13(2) authorizes early release only if the court finds that the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."  Decisions about whether to grant or deny a motion for compassionate release under § 3582(c)(1)(A) are discretionary, depending on the reviewing court's consideration of the applicable policy statement

and other sentencing factors found in 18 U.S.C. § 3553(a). *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

**B.     The Defendant is Not Entitled to Relief**

The Court has examined all of the pleadings and exhibits provided by the parties and concludes that the defendant does not show that extraordinary and compelling reasons are present or that he meets the criteria for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).   The current policy statement reflects that consideration for release is limited to the following circumstances:

A. Medical Condition of the Defendant. —

   i.   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   ii.  The defendant is —

        I.    suffering from a serious physical or medical condition,

        II.   suffering from a serious functional or cognitive impairment, or

        III.  experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional

4

facility and from which he or she is not expected to recover.

B. Age of the Defendant. — The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

C. Family Circumstances.

    i. The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    ii. The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

D. Other Reasons. — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. SENTENCING GUIDELINE MANUAL § 1B1.13, cmt. n. 1 (U.S. Sentencing Comm'n 2018).

The defendant seeks release from prison on the grounds that he has tested positive for the HIV virus and, as a result, he is more vulnerable to serious illness or death due to the COVID-19 pandemic [Doc. # 566, at 2, 5].  The government provides medical records showing that the defendant is a 43-year-old inmate who has HIV, but that he remains asymptomatic and has no history of any HIV-related illness [Doc. # 568-2, at 3].  He is currently in good health while receiving regular

5

monitoring and treatment with anti-viral medication [*Id*. at 3-5, 9, 15-17, 24-27, 29, 31, 40, 47, 65, 75, 91].  The defendant also suffers from recurrent major depression, but this condition is also treated with medication and regular mental health monitoring [Doc. # 568-2, at 3, 31-34, 63-64].

The defendant does not demonstrate that he is suffering from a terminal illness or that he is over the age of 65 and suffers from a serious condition that substantially diminishes his ability to provide self-care within the correctional setting.  *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(B).  He does not otherwise establish extenuating family circumstances or that other reasons warrant relief.  *See id*. § 1B1.13, cmt. n.1(C)-(D).  Because the defendant does not show that he fits within any of the categories found in U.S.S.G. § 1B1.13 cmt. n.1, he fails to establish an extraordinary or compelling basis for compassionate release.  *See United States v. Rivas*, 833 F. App'x 556, 558-60 (5th Cir. Nov. 2, 2020) (per curiam) (discussing the factors in the policy statement found in in U.S.S.G. § 1B1.13 cmt. n.1 (A)-(D) and concluding that the defendant failed to show that any applied).

To the extent that the defendant expresses concern about contracting COVID-19 while incarcerated, the government has provided information showing that the BOP has taken numerous steps to stop the virus's spread within the prison environment [Doc. # 568, at 10-13].  Publicly available information from the BOP confirms that efforts are underway to vaccinate the entire federal prison population

6

and prison staff.  *See* United States Bureau of Prisons website, available at:

http://bop.gov/coronavirus (last visited March 19, 2021) (indicating that there are

125,371 federal inmates held in BOP-managed institutions and that there have been

85,200 doses of the vaccine administered to date).  This information further reflects

that there are currently no reported positive cases of COVID-19 among the inmate

population at FCI-Edgefield, where the defendant is confined.  The defendant does

not allege specific facts showing that he is at serious risk and medical records

provided by the government confirm that he has tested negative for COVID-19 [Doc.

# 568-2, at 61, 73, 81-82].  The Fifth Circuit has held that fear of COVID-19,

standing alone, does not warrant compassionate release.  *See United States v.*

*Thompson*, 984 F.3d 431, 435 (5th Cir. 2021); *see also United States v. Raia*, 954

F.3d 594, 597 (3d Cir. 2020) (observing that "the mere existence of COVID-19 in

society and the possibility that it may spread to a particular prison alone cannot

independently justify compassionate release, especially considering BOP's statutory

role, and its extensive and professional efforts to curtail the virus's spread").

In addition to the policy statement that governs requests for compassionate

release, the Court has also carefully reviewed the record in this criminal case.  The

government notes that the underlying offense, which was described in the Fifth

Circuit opinion that affirmed the conviction, involved the use of firearms and

violence as a means to hold multiple victims for ransom after smuggling them across

the border [Doc. # 568, at 1-4, 16].  *See United States v. Ibarra-Zelaya, et al.*, 465 F.3d 596, 600-02 (5th Cir. 2006).  The defendant also has a record of misconduct while in prison, including offenses for possessing a dangerous weapon, assault, and fighting with other inmates [Doc. # 568-3, at 1-5].  The defendant does not provide evidence or allege facts showing that he "is not a danger to the safety of any other person or to the community," as provided in 18 U.S.C. § 3142(g).  A reduction in sentence is not warranted under these circumstances.  *See Chambliss*, 948 F.3d at 694 (affirming the denial of compassionate release for an inmate suffering from terminal cancer who had committed a violent offense);  *United States v. Barnes*, No. 3:13-cr-38, 2020 WL 5437738, at *2 (S.D. Miss. Sept. 10, 2020) (Compassionate release "is not and does not apply to those who present a danger of . . . harm to the community.").

Based on its review of the entire record, the Court finds that a balance of the sentencing factors found in 18 U.S.C. § 3553(a) do not support a reduction in sentence because his release would result in a sentence that does not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or deter criminal conduct while protecting the public from further crimes.  After considering the entire record in this case and weighing all of the relevant factors, the Court concludes that the defendant is not entitled to release for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A).  Therefore, his motion will be denied.

### III.   CONCLUSION AND ORDER

Accordingly, it is **ORDERED** that motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Jose Marlon Ibarra-Zelaya [Doc. # 566] is **DENIED**.

The Clerk will provide a copy of this order to the parties of record.

SIGNED at Houston, Texas on ___March 22_____, 2021.


_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE